# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 6, 2019

157997

ALAN BROWN,
        Plaintiff-Appellee,

v

JESSICA JEAN ROSS,
        Defendant-Appellant.
_____/

SC: 157997
COA: 341325
Oakland CC: 2017-851420-DP

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

By order of October 5, 2018, the application for leave to appeal the May 11, 2018 order of the Court of Appeals was held in abeyance pending the decision in *In re MGR* (Docket Nos. 157821-2). The application is again considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE the Oakland Circuit Court's October 4, 2017 order denying the defendant-mother's motion to stay.

"Although proceedings under the [Michigan] Adoption Code should, in general, take precedence over proceedings under the Paternity Act, adoption proceedings may be stayed upon a showing of good cause, as determined by the trial court on a case-by-case basis." *In re MKK*, 286 Mich App 546, 555 (2009), citing MCL 710.25(2). The plaintiff-father did not request that the trial court stay the adoption proceedings in favor of the paternity proceedings pursuant to MCL 710.25(2), and the facts did not justify a stay in any event. But the defendant-mother did ask the trial court to stay the paternity proceedings—once prior to the trial court issuing its Section 39 determination, and once while the Section 39 decision was on appeal. The trial court denied those requests, and entered the order of filiation after it had issued its Section 39 determination and after the petitioning prospective adoptive parents had appealed that decision to the Court of Appeals.

On June 7, 2017, the defendant-mother moved for stay, which was denied by the circuit court on June 14, 2017. Following petitioners' appeal of the trial court's Section 39 determination in the adoption case, the defendant-mother again moved to stay the paternity action pending appellate review of the adoption proceedings. On October 4, 2017, the trial court denied the motion and entered the order of filiation.

The trial court's denial of the defendant-mother's motions was an abuse of discretion given the unique circumstances of this case. The trial court had the authority to stay the paternity action in favor of the adoption proceedings: absent good cause, adoption proceedings should be given priority. MCL 710.21a and MCL 710.25(2). And a trial court has the inherent authority to control the progress of a case. See MCR 1.105;

MCR 2.401; see also MCR 3.217(A) ("Procedure in actions under the Paternity Act, MCL 722.711 *et seq.*, is governed by the rules applicable to other civil actions except as otherwise provided by this rule and the act."). Because the petitioners in the adoption case had a right to appeal the Section 39 determination and because good cause to delay those proceedings had not been alleged, the trial court should have stayed the paternity proceedings pursuant to MCR 7.209(E)(2)(b) so that the appellate court could review that decision.

Because the trial court abused its discretion in denying the defendant-mother's motion to stay, the trial court also abused its discretion in granting the order of filiation. We VACATE that order and REMAND this case to the Family Division of the Oakland Circuit Court for entry of an order of stay pending the court's resolution of *In re MGR*, which we have remanded for analysis under Section 39(1) of the Michigan Adoption Code, MCL 710.39(1), by order entered June 6, 2019.

We do not retain jurisdiction.

MARKMAN, J. (*concurring*).

For the reasons stated in my concurring statement in *In re MGR*, ____ Mich ____ (2019) (Docket No. 157821), I concur in the majority's decision to vacate our order of October 5, 2018, and the trial court's order denying the defendant-mother's motion to stay and to remand this case to the trial court for entry of an order of stay pending the resolution of *In re MGR*.

ZAHRA, J., joins the statement of MARKMAN, J.

VIVIANO, J. (*dissenting*).

The majority holds that the trial court erred by not staying the putative father's paternity action pending resolution of the adoption proceedings. For the reasons set forth in my dissent in *In re MGR*, ___ Mich ___ (2019) (Docket No. 157821), I disagree and therefore respectfully dissent.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 6, 2019



Clerk

t0605