Viviano, J. (concurring in part and dissenting in part).
*183 For the reasons set forth in my dissent in In re MGR , --- Mich. ----, 928 N.W.2d 184 (2019) (Docket No. 157821), I would apply the good-cause analysis set forth In re MKK , 286 Mich. App. 546, 781 N.W.2d 132 (2009), to determine whether the putative father's paternity action should have been stayed in favor of the adoption proceedings. For the reasons expressed in my dissent, I disagree with the majority's analysis, which I am concerned sets forth a rule that trial courts must always stay a paternity action in favor of adoption proceedings when the putative father has not filed a motion to stay the adoption proceedings. Applying the In re MKK good-cause analysis in this case, however, I believe that the majority has reached the right result. The putative father in this case failed to file a timely notice of intent to claim paternity, did not file a paternity action contemporaneously with the adoption proceeding, performed no actions to suggest he wanted to parent the child, and, according to the birth mother, did not initially object to the planned adoption. Thus, I believe the putative father is not able to show good cause "to allow [his] paternity action to reach its natural conclusion before a contemporaneously filed adoption proceeding ...." In re MGR , --- Mich. ----, ----, 928 N.W.2d 184 (2019) (Docket No. 157821) ( VIVIANO , J, dissenting). Additionally, I agree with the majority that the trial court abused its discretion in declining to terminate the putative father's parental rights pursuant to MCL 710.39(1). Accordingly, I concur with the majority's disposition in this case.