On order of the Court, leave to appeal having been granted and the briefs and oral arguments of the parties having been considered by the Court, we REVERSE the February 27, 2018 judgment of the Court of Appeals, which held that petitioners' appeal was moot because of an order of filiation in a related paternity case, Brown v. Ross (Docket No. 157997). We also VACATE the Oakland Circuit Court's determination that the putative father was a "do something" father under Section 39(2) of the Michigan Adoption Code, MCL 710.21 et seq. , and we REMAND this case to the Family Division of the Oakland Circuit Court for further proceedings.
The Court of Appeals erred in holding that petitioners' appeal of the September 14, 2017 order was moot because of the subsequently entered order of filiation in the related paternity case, Brown v. Ross (Docket No. 157997). MGR was born on June 5, 2016. On June 9, 2016, petitioners filed the petition for adoption. Respondent-father filed the paternity action on July 15, 2016. "All proceedings under [the Michigan Adoption Code] shall be considered to have the highest priority and shall be advanced on the court docket so as to provide for their earliest practicable disposition." MCL 710.25(1). "Although proceedings under the Adoption Code should, in general, take precedence over proceedings under the Paternity Act, adoption proceedings may be stayed upon a showing of good cause, as determined by the trial court on a case-by-case basis." In re MKK , 286 Mich. App. 546, 555, 781 N.W.2d 132 (2009), citing MCL 710.25(2). Respondent-father did not request that the trial court stay the adoption proceedings in favor of the paternity proceedings pursuant to MCL 710.25(2), and the facts did not justify a stay in any event.
Instead, over petitioners' objection that there was no good cause, the trial court, sua sponte , entered an order on April 17, 2017 staying the adoption proceedings until the paternity action was resolved. The Court of Appeals, in orders entered on May 31, 2017 and July 25, 2017, directed the trial court to commence and conclude the Section 39 hearing, see MCL 710.39. Respondent-father did not seek further appellate review of either order. The trial court held the Section 39 hearing on August 7 and 8, 2017 but did not issue a decision. On August 29, 2017, the Court of Appeals ordered the trial court to issue a decision with respect to the Section 39 hearing. Respondent-father did not seek further appellate review of the Court of Appeals order. The trial court issued its Section 39 opinion on September 14, 2017. Respondent-father never requested the court to stay the adoption proceedings under MCL 710.25(2) for good cause relating to his separate paternity proceeding, and the facts did not justify a stay in any event. The trial court entered an order of filiation on October 4, 2017-after it had issued its Section 39 determination and after petitioners had appealed that decision to the Court of Appeals.
The birth mother, on the other hand, twice asked the trial court to stay the paternity action. On June 7, 2017, the birth mother moved for stay, and the circuit court denied it on June 14, 2017. Following petitioners' appeal of the trial court's Section 39 determination, the birth mother again moved to stay the paternity action pending that appeal. On October 4, 2017, the trial court denied the motion and entered the order of filiation the same day.
The trial court's denial of the birth mother's motions was an abuse of discretion given the unique circumstances of this case. The trial court had the authority to stay the paternity action in favor of the *186 adoption proceedings: absent good cause, adoption proceedings should be given priority. MCL 710.21a and MCL 710.25(2). And a trial court has the inherent authority to control the progress of a case. See MCR 1.105 ; MCR 2.401 ; see also MCR 3.217(A) ("Procedure in actions under the Paternity Act, MCL 722.711 et seq. , is governed by the rules applicable to other civil actions except as otherwise provided by this rule and the act.").
Because petitioners had a right to appeal the Section 39 determination and because good cause to delay those proceedings had not been alleged, the trial court should have stayed the paternity proceedings pursuant to MCR 7.209(E)(2)(b) so that the appellate court could review that decision.[1] The order of filiation was therefore erroneously entered on October 4, 2017 and is vacated in our June 6, 2019 order in Brown v. Ross (Docket No. 157997). Accordingly, the order of filiation did not moot appellate review of the trial court's September 14, 2017 Section 39 decision.
Further, we conclude that the trial court abused its discretion in determining that the putative father was a "do something" father under Section 39(2) of the Michigan Adoption Code, MCL 710.39(2). To qualify as a "do something" father, a putative father must demonstrate that he has either (1) established a custodial relationship with the child or (2) provided "substantial and regular support or care in accordance with [his] ability to provide support or care for the mother during her pregnancy or for either mother or child after the child's birth during the 90 days before notice of the hearing was served upon him[.]" MCL 710.39(2). Respondent-father failed to satisfy either condition. After the birth mother discovered she was pregnant in October 2015, she and respondent-father lived for a matter of weeks with respondent-father's grandmother. In November 2015, the pair rented an apartment together, paying their $ 700 security deposit with funds from the birth mother's sister. The birth mother lived in the apartment from November 2015 until February 2016. Until the month before the birth mother moved out of the apartment-in her fourth month of pregnancy-the parties shared household responsibilities and expenses for rent, food, and utilities. Respondent-father provided financial assistance one time in the amount of $ 200 to partially repay his share of the security deposit. Respondent-father was employed full-time until the time of the child's birth, when he voluntarily terminated his employment. Respondent-father took the birth mother to Planned Parenthood once for a pregnancy test, but did not otherwise pay for or participate in her prenatal, delivery, or postnatal medical care.
After the child was born on June 5, 2016, respondent-father received notice of the hearing to determine his rights as a putative father on July 27, 2016, making the relevant statutory 90-day time period April 28, 2016 to July 27, 2016. MCL 710.39(2). Respondent-father testified that he set up a crowdfunding webpage in October or November 2016, to pay for his legal fees and expenses, outside of the statutory 90-day window. But he never paid any of the money raised to the child or the child's caretakers. Respondent-father also *187 claimed he purchased several items for the child, including diapers and clothing, using money from odd jobs or Christmas gifts, but he never attempted to get those items to the child through either the adoption agency or the birth mother. The facts did not establish that respondent-father provided substantial and regular support or care either to the birth mother during her pregnancy or to the birth mother or the child after the child's birth during the relevant 90-day period. Respondent-father's support was insubstantial and irregular.
Further, this is not a case in which respondent-father lacked the ability to support the birth mother or the child; the record shows that respondent-father was employed throughout the birth mother's pregnancy and had the means to provide financial support. The trial court abused its discretion when it ruled that respondent-father was entitled to the protections of MCL 710.39(2) because the record does not support a finding that he provided substantial and regular support or care for the birth mother during her pregnancy or the birth mother or child during the 90 days before he received service of the notice of the hearing, despite having the ability to do so. We therefore VACATE the trial court's September 14, 2017 order, and we REMAND this case to the Family Division of the Oakland Circuit Court to conduct an analysis under Section 39(1) of the Michigan Adoption Code, MCL 710.39(1).
In light of our resolution of these issues, we decline to reach petitioners' remaining issue.
We do not retain jurisdiction.

We agree with Justice Viviano that "In re MKK represents an admirable effort by the Court of Appeals to balance the competing rights, interests and responsibilities of the parties when determining whether to proceed with proceedings under the Adoption Code or a case filed under the Paternity Act." And we also agree that the Legislature's input on this question would be helpful. But we respectfully disagree that this order creates any per se rule; our decision today is based in the very specific facts of this case alone.